UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM DOWNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV1972 RLW |
| | ) |
| RED BRICK MANAGEMENT, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Red Brick Management, LLC ("Red Brick") and Angie Hickey's Motion to Dismiss Plaintiff Kim Downs's Complaint. (ECF No. 12) The motion has been fully briefed. After careful consideration, the Court grants the motion, in part, and dismisses Plaintiff's cause of action under 42 U.S.C. § 1983 against Red Brick and Hickey (referred to collectively as "Defendants") and Plaintiff's first cause of action under the Fair Housing Act (FHA), 42 U.S.C. §§ 3601, *et seq.*, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court denies the motion, in part, as to Plaintiff's second cause of action under the FHA and orders Plaintiff to file an amended complaint within fifteen (15) days of this Memorandum and Order.

## BACKGROUND[1]

Plaintiff Kim Downs filed this *pro se* Complaint against the property owner (Red Brick) and landlord (Hickey) of the apartment building where she previously lived, which is located in

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

the City of St. Louis. (ECF No. 1) Reading Plaintiff's *pro se* Complaint liberally, she asserts three identical causes of action against each defendant.[2] First, she claims Defendants violated her rights guaranteed by the Fourth Amendment to the United States Constitution by letting police enter her apartment and, thus, are liable under 42 U.S.C. § 1983. Second, Plaintiff asserts Defendants violated the FHA by filing a police report claiming she had stolen property from another apartment in the same complex. Third, she alleges Defendants violated the FHA by not renewing her lease agreement.

Defendants now move to dismiss Plaintiff's claims against them. (ECF No. 12) Plaintiff opposes the motion. (ECF No. 14)

## **LEGAL STANDARD**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as

---

[2] Plaintiff's Complaint identifies five "Constitutional Grounds," which the Court construes as her causes of action. The first three "grounds" are directed at Hickey: "Ground One" alleges a violation of Plaintiff's Fourth Amendment rights related to a police search of her apartment; "Ground Two" alleges a violation of the FHA concerning Hickey's filing of a police report claiming Plaintiff possessed stolen televisions; and "Ground Three" alleges a separate violation of the FHA related to the non-renewal of Plaintiff's month-to-month lease agreement. "Ground Four" asserts the allegations in the first three grounds against "Red Brick Management" and "Ground Five" asserts the allegations in the first three grounds against "Red Brick Management, LLC." There is no suggestion in the record that "Red Brick Management" and "Red Brick Management, LLC" are separate entities. Further, the Complaint names only "Red Brick Management, LLC" as a defendant along with Hickey.

true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

### I. Plaintiff's § 1983 claim

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (section 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Defendants argue Plaintiff has failed to allege a Fourth Amendment violation. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

"The text of the Amendment thus expressly imposes two requirements. First, all searches and seizures must be reasonable. Second, a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011).

Here, the police officers who entered Plaintiff's apartment with Hickey had obtained a search warrant signed by a state court judge. (ECF No. 1-1, at 9) This case is not a situation where police did not have a search warrant and a landlord purported to consent to a search of a leased property.[3] "[A] landlord generally lacks common authority to consent to a search of a tenant's premises" when conducted by police without a valid search warrant unless, for example, the tenant has abandoned the property. *Issa v. City of Glencoe*, 118 F. App'x 103, 105 (8th Cir. 2004). The police officers did not rely on Hickey's consent to enter Plaintiff's apartment. They had a search warrant and Hickey merely facilitated their entry by unlocking the door.

Defendants also argue Plaintiff's claim under § 1983 must be dismissed because Defendants are private actors who were not acting under color of state law. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536

---

[3] The single case cited by Plaintiff is inapplicable to this case. *See Stoner v. California*, 376 U.S. 483, 488 (1964) (holding that a hotel clerk cannot consent to a warrantless police search of hotel room).

(8th Cir. 1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *See White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981).

The Court finds that Plaintiff has failed to state a claim under § 1983. Law enforcement entered her apartment pursuant to a search warrant and Plaintiff has not challenged the validity of the search warrant. Further, Defendants are clearly private actors[4] and Plaintiff has not alleged facts necessary to hold them liable for any alleged constitutional violations pursuant to § 1983. While Plaintiff alleges Defendants "targeted" her, she does not present any facts necessary to establish a mutual understanding or conspiracy between Defendants and law enforcement to do so. Accordingly, the Court grants Defendant's motion to dismiss as it relates to Plaintiff's Fourth Amendment claim.

## II. Plaintiff's FHA claims

The FHA makes it unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Further, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." *Id.* § 3604(b).

---

[4] Contrary to Plaintiff's argument in her response memorandum (ECF No. 14 at ¶ 7), "private actor" in the context of § 1983 refers to non-government entities and persons. *See, e.g., Steele v. City of Bemidji*, 257 F.3d 902, 905-06 (8th Cir. 2001).

Plaintiff's second cause of action alleges Defendants violated the FHA by filing the police report related to stolen televisions. Plaintiff argues Defendants targeted her because she is a black woman. Assuming *arguendo* for the purposes of this motion to dismiss under Rule 12(b)(6) that Defendants filed the police report for a discriminatory purpose based on Plaintiff's race, such conduct is not covered by the FHA as it does not logically relate to any "terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith." *See* 42 U.S.C. § 3604(b). Consequently, Plaintiff's cause of action pursuant to the FHA related to the police report is dismissed.

Plaintiff's third cause of action alleges Defendants "treated [her] differently from other similarly situated tenants" by not renewing her lease based on late rent payments. Defendants argue they had the legal right to not renew the month-to-month tenancy on thirty days' notice under the terms of the lease and applicable state law. *See* Mo. Rev. Stat. § 441.060. Further, Defendants note "Ground Three" fails to plead that Plaintiff was treated differently from similarly situated tenants *of a different race*.

While Defendants may be correct that a landlord is generally entitled to not renew a month-to-month lease for any reason, such a decision cannot be based on a discriminatory reason proscribed by an act of Congress. *Cavalieri-Conway v. L. Butterman & Assocs.*, 992 F. Supp. 995, 1006–07 (N.D. Ill. 1998) ("[A] landlord under the FHA may terminate a tenant's lease 'for any reason, good or bad, or for no reason at all, as long as the [landlord's] reason is not proscribed by a Congressional Statute."), *aff'd sub nom. Cavalieri v. L. Butteman & Assocs.*, 172 F.3d 52 (7th Cir. 1999) (quoting *Kahn v. U.S. Secretary of Labor*, 64 F.3d 271, 279 (7th Cir. 1995)). At this stage of the litigation, the Court finds that Plaintiff has alleged sufficient facts to establish a plausible claim that Defendants declined to renew her lease based, in part, on her

race. Unlike Plaintiff's second cause of action related to the filing of a police report, this third cause of action falls squarely within the proscribed conduct outlined in the FHA. *See* 42 U.S.C. § 3604(a)-(b).

Defendants are correct that Plaintiff does not mention her race in "Ground Three" of her Complaint. A liberal reading of the entirety of her Complaint, however, makes clear she is claiming her race was a factor in Defendants' decision to not renew her lease agreement. In her second FHA cause of action, Plaintiff alleges she was "being treated differently from other similarly situated tenants" when Defendants did not renew her lease. Elsewhere in the Complaint, Plaintiff alleges Defendants targeted her because she is a black woman.[5] Consequently, the Court orders Plaintiff to file an amended complaint that clearly alleges the factual basis for her remaining cause of action under FHA. Plaintiff must allege Defendants treated her differently than similarly situated tenants because of her race when they did not renew her lease agreement. Plaintiff is warned that the filing of an amended complaint replaces the original complaint and claims that are not realleged are deemed abandoned. *E.g.*, *In re Wireless Tel. Fed, Cost Recovery Fees Litig,*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Red Brick Management, LLC, and Angie Hickey's Motion to Dismiss Plaintiff Kim Downs's Complaint (ECF No. 12) is **GRANTED, in part,** as it relates to Plaintiff's cause of action under 42 U.S.C. § 1983 and her first cause of

---

[5] Plaintiff states in her response to Defendants' motion that "the lease agreement was terminated because she was targeted as a thief, burglar and probing thru [sic] the building to steal. I was the only tenant that targeted by Manager Angie Hickeys at Red Brick Management LLC *because of the color of my skin.*" (ECF No. 14 at ¶ 6) This clearer statement of her allegation regarding Defendants' allegedly race-based motivation is not in her Complaint itself.

action under the Fair Housing Act (FHA), 42 U.S.C. §§ 3601, *et seq.*, **and DENIED, in part,** as to Plaintiff's second cause of action under the FHA.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within fifteen (15) days of the date of this Memorandum and Order.

Defendants are reminded of their obligation to answer or otherwise respond to the amended complaint within the time set by the rules.

Dated this 20th day of September, 2019.

                                           /s/ Ronnie L. White
                                           **RONNIE L. WHITE**
                                           **UNITED STATES DISTRICT JUDGE**