UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM DOWNS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )     No. 4:18-CV-1972 RLW |
| RED BRICK MANAGEMENT, LLC, et al., | ) ) ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Red Brick Management, LLC ("Red Brick") and Angie Hickey's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 21) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Self-represented Plaintiff Kim Downs ("Plaintiff") was given multiple extensions of time to respond to the Motion to Dismiss, but did not do so within the time permitted.[1] The Motion to Dismiss will be granted because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

---

[1] The Motion to Dismiss was filed November 25, 2019. Under Local Rule 4.01(B), Plaintiff's Response to the Motion to Dismiss was due on approximately December 9, 2019. On February 5, 2020, the Court directing Plaintiff to show cause why she failed to timely file a response. (ECF No. 22) Plaintiff responded that she did not file a response to Defendants' Motion because her Amended Complaint (ECF No. 20) did not raise any additional grounds for relief, and asked the Court to set the case for trial. The Court issued an Order on February 28, 2020, that declined Plaintiff's request for a trial setting and ordered her to file a response to the Defendants' Motion no later than March 20, 2020. (ECF No. 24.) Plaintiff was later granted two sixty-day extensions of time to file her response. By Order of May 28, 2020, the Court granted Plaintiff until July 27, 2020, to file her response, and stated it would not grant Plaintiff any more extensions of time even if she was unable to visit the law library due to the COVID-19 pandemic. (ECF No. 29 at 2-3.) On July 27, 2020, Plaintiff filed a motion for extension of time to respond (ECF No. 30), which the Court denied. (ECF No. 31.)

**Background**

In late November 2018, Plaintiff filed a Complaint against the property owner (Red Brick) and landlord (Hickey) (collectively, "Defendants") of the apartment building where she previously lived in the City of St. Louis. (ECF No. 1.) Liberally construing the pro se complaint, the Court found Plaintiff asserted three identical causes of action against each Defendant. First, Plaintiff alleged the Defendants violated her Fourth Amendment rights under the United States Constitution by letting police enter her apartment, and were liable to her under 42 U.S.C. § 1983. Second, Plaintiff alleged the Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(a) ("FHA"), by filing a police report claiming she had stolen property from another apartment in the same complex.[2] Third, Plaintiff alleged the Defendants violated the FHA by not renewing her lease agreement. See Mem. and Order of Sept. 20, 2019 (ECF No. 15 at 2.)

The Court granted Defendants' Motion to Dismiss Plaintiff's original Complaint, finding that the § 1983 claim and the first FHA claim, based on Defendants' filing a police report, were fatally defective. (ECF No. 15 at 5, 6.) The Court found that Plaintiff's second FHA claim concerned conduct proscribed by the FHA, but it failed to allege sufficient facts to state a claim upon which relief could be granted. Specifically, Plaintiff's Complaint alleged she was "being treated differently from other similarly situated tenants" when Defendants did not renew her lease on the alleged basis of nonpayment (ECF No. 1 at 3), but she did not allege that her race was a factor in the non-renewal. (ECF No. 15 at 7.) Plaintiff asserted in her Response to the

---

[2]Although Plaintiff's Complaint also stated it was brought pursuant to 42 U.S.C. § 1981 (ECF No. 1 at 1), § 1981 is not mentioned elsewhere in the Complaint. Plaintiff has not asserted in any motion briefing that she brings a § 1981 claim. Plaintiff's first FHA claim specifically referenced sections of the FHA (ECF No. 1 at 3, ¶ 2), and her second FHA claim alleged violation of "Federal Anti-Discrimination Law, [which] states in pertinent part 'A landlord cannot provide different services or facilities to tenants in a protected class or require a larger deposit, or treat late rental payments differently.'" (Id. at 3, ¶ 3.) Under these circumstances, the Court finds the Complaint's reference to 42 U.S.C. § 1981 is surplusage.

2

Motion to Dismiss the original Complaint that her "lease agreement was terminated because she was targeted as a thief, burglar and probing thru [sic] the building to steal. I was the only tenant that [was] targeted by [Defendant Hickey] because of the color of my skin." (ECF No. 14 at ¶ 6.)

Plaintiff cannot rely on statements in her Response to supplement the Complaint's allegations. "It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss[.]" Gallagher v. City of Clayton, 699 F.3d 1013, 1022 (8th Cir. 2012). Further, a self-represented litigant is not excused from complying with Court orders or substantive and procedural law "even without affirmative notice of the application of the rules to [their] case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). Nonetheless, recognizing that Plaintiff is self-represented, the Court ordered Plaintiff to file an amended complaint as to her second FHA claim, giving her the following instructions:

> [T]he Court orders Plaintiff to file an amended complaint that clearly alleges the factual basis for her remaining cause of action under FHA. Plaintiff must allege Defendants treated her differently than similarly situated tenants because of her race when they did not renew her lease agreement. Plaintiff is warned that the filing of an amended complaint replaces the original complaint and claims that are not realleged are deemed abandoned.

(ECF No. 15 at 7.)

Plaintiff filed an Amended Civil Complaint ("Amended Complaint") (ECF No. 20) on November 12, 2019, and Defendants then filed the instant Motion to Dismiss. Defendants move to dismiss the Amended Complaint on the basis that it (1) reasserts the defective § 1983 and FHA claims the Court previously dismissed, and (2) fails to set forth factual allegations showing why Defendants' decision not to renew Plaintiff's lease was based on discriminatory intent.

3

**Legal Standard**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

**Discussion**

I.

As a threshold matter, Plaintiff reasserts her Fourth Amendment claim under 42 U.S.C. § 1983 and her FHA claim based on Defendants' filing of a police report. The Court previously

4

dismissed these claims, and they fail for the reasons discussed in the Memorandum and Order of September 20, 2019 (ECF No. 15), and as discussed below.[3]

II.

The FHA makes it unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Further, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." Id. § 3604(b).

Although the Court gave Plaintiff specific instructions to plead facts to show that her lease was not renewed because Defendants targeted her based on the color of her skin, Plaintiff does not plead such facts in her Amended Complaint. Nor were such facts pleaded in the original Complaint.

Plaintiff alleges in the Amended Complaint that she was "racial profile [sic] and treated differently from other similarly situated tenants by the actions of [Defendant Hickey] by provided [sic] false and fraudulent information to obtain a search warrant. Also, to invade the Plaintiff['s] property." (ECF No. 20 at 3.) These allegations concern and are limited to the §1983 claim the Court previously dismissed, and they do not state a claim under §1983 for the reasons discussed in the Memorandum and Order of September 20, 2019. (ECF No. 15 at 3-5.)

---

[3] As with the original Complaint, Plaintiff's Amended Complaint states it is also brought pursuant to 42 U.S.C. § 1981 (ECF No. 20 at 1), but then does not mention § 1981 again and the facts alleged do not state a claim for relief under § 1981. The Court finds the Amended Complaint's reference to § 1981 is surplusage. The Court also notes the Amended Complaint asserts that both federal question and diversity jurisdiction exist. (Id. at 2.) It contains no factual allegations as to the Defendants' citizenship, however, and therefore fails to allege sufficient jurisdictional facts to establish diversity jurisdiction under 28 U.S.C. § 1332. Moreover, the Amended Complaint does not attempt to allege any state law causes of action.

Specifically, the Defendants are not state actors and Plaintiff did not allege any facts sufficient to hold them liable under § 1983, or to establish a mutual understanding or conspiracy between the Defendants and law enforcement officials.

With respect to the FHA claim concerning non-renewal of her lease, Plaintiff alleges that Defendant Hickey "has a history of treating other similarly situated African Americans [sic] tenants in the manner as alleged in Ground Two and Three."[4] (ECF No. 20 at 3.) Plaintiff lists names of other African-American tenants and states that one filed a complaint with the Better Business Bureau concerning lease terms, and others "fall[] under this same conduct of [Defendant] Red Brick." (Id.). Plaintiff then states that she "adopt[s] by reference the Amend [sic] Ground Two and Three[.]" (Id.) These cryptic and conclusory references do not constitute facts alleging that Plaintiff was treated differently than other tenants with respect to the nonrenewal of her lease based on her race.

Plaintiff's attempted incorporation by reference of Grounds Two and Three of the original Complaint into her Amended Complaint also do not offer sufficient factual allegations that Plaintiff was treated differently than other tenants with respect to the nonrenewal of her lease because of her race. Plaintiff's claim in Ground Two, that the Defendants violated the FHA by filing a police report related to stolen televisions and targeted her because she is a Black woman, is not conduct that falls within the scope of the FHA, as it does not relate to any "terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith." See 42 U.S.C. § 3604(b).

As to Ground Three, the Court previously dismissed this claim because Plaintiff did not allege facts to show that the Defendants treated her differently than other tenants with respect to

---

[4]This is a reference to Grounds Two and Three of the original Complaint, as the Amended Complaint does not include any stated grounds.

6

the nonrenewal of her lease because of her race. The Court offered Plaintiff the opportunity to replead the claim and explained what she needed to allege in her Amended Complaint: "[T]he Court orders Plaintiff to file an amended complaint that clearly alleges the factual basis for her remaining cause of action under FHA. Plaintiff must allege Defendants treated her differently than similarly situated tenants because of her race when they did not renew her lease agreement." (ECF No. 15 at 7.) Plaintiff did not include the necessary factual allegations in her Amended Complaint, however, as she alleges no facts tending to show that her lease was not renewed because of her race. The email exhibits attached to the Amended Complaint offer no support for her claims. Plaintiff's Amended Complaint consists of cryptic and conclusory assertions that fail to state a claim upon which relief can be granted under the FHA.

**Conclusion**

For these reasons, Defendants' Motion to Dismiss will be granted in all respects, as Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. The Amended Complaint will be dismissed in its entirety, with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Red Brick Management, LLC and Angie Hickey's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 21) is **GRANTED**.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of July, 2020.